Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

                                        Case No 24-41689-nhl

Royal Development Inc

                                        Chapter 11

                           Debtor.
---------------------------------------------------------X

## DEBTOR'S MOTION FOR AN ORDER ESTABLISHING BAR DATE FOR FILING OF PROOFS OF CLAIM

        Debtor, Royal Development Inc (hereinafter, the "Debtor") in the above-captioned chapter 11 bankruptcy case, pursuant to 11 U. S. C. § 501, Fed. R. Bankr. P, 2002, 3003(c) and 9007 submits this motion for the entry of an order establishing the general bar date by which all creditors must file proofs of claim in this Chapter 11 case (hereinafter, the "General Bar Date").

### JURISDICTION AND VENUE

        1.     This Court has jurisdiction over the subject-matter of this application, pursuant to 28 U. S. C. §§ 157 and 1334. This motion is a core proceeding under 28 U. S. C. §§ 1408 and 1409.

### FACTUAL BACKGROUND

        2.     Debtor commenced this bankruptcy case with the filing of a voluntary petition under Chapter 11 on April 19, 2024.

        3.     The Debtor has continued in the possession of its property as debtor in possession, pursuant to 11 U.S.C. §§1108 and 1109.

        4.     No committee of unsecured creditors has been appointed in this case.

## FIRST RELIEF REQUESTED – GENERAL BAR DATE

5.       Debtor seeks entry of an order establishing a General Bar Date.

6.       Fed. R. Bankr. P. 3003(c)(3) provides that, "[t]he court shall fix [ . . . ] the time within which proofs of claim or interest may be filed."

7.       Debtor requests that the Court establishes the General Bar Date at 5:00 P.M. EST on August 23, 2024, which the Debtor submits will be no less than sixty days after the mailing to creditors of the Bar Date Notice Package (as defined herein).

8.       As set forth in the proposed Bar Date Order (annexed hereto as **Exhibit A**), Debtor requests that any person or entity that asserts a claim against the Debtor that arose prior to the Petition Date (any such claim hereinafter a "Prepetition Claim") be required to file an original, written proof of such Prepetition Claim substantially in the form of the Proof of Claim form (Official Form B410, annexed hereto as **Exhibit B**) so as to be received on or before the General Bar Date by either mail or delivery by hand to The Law Office of Alla Kachan, 2799 Coney Island Avenue, Suite 202, Brooklyn, New York 11235, or by properly filing and docketing such Proof of Claim on the CM/ECF system.

9.       The General Bar Date would apply to all Prepetition Claims asserted by such persons or entities, except that the following persons or entities would not need to file Proofs of Claim:

a.       any person or entity that has already properly filed a proof of claim against the Debtor for which no other or additional amounts or claims are sought;

b.       any person or entity (i) whose Prepetition Claim is not listed as "disputed," "contingent," or "unliquidated" in the Schedules and (ii) that agrees with the nature, classification, and amount of such Prepetition Claim set forth in the Schedules; and (iii) such person or entity does not dispute that its Prepetition Claim is an obligation only of the specific Debtor against which the Prepetition Claim is listed in the Schedules;

c.      any person or entity whose Prepetition Claim (including any Prepetition Claim listed in the Debtors' Schedules) previously has been allowed by, or paid pursuant to, an Order of this Court;

d.      any person or entity that asserts an administrative expense claim against the Debtor pursuant to 11 U. S. C. § 503(b);

e.      any of the Debtor that hold Prepetition Claims against one or more of the other Debtor.

## SECOND RELIEF REQUESTED - REJECTION BAR DATE

10.      Debtor anticipates that certain persons or entities may assert Prepetition Claims in connection with a Debtor's rejection of executor contracts and unexpired leases, pursuant to 11 U. S. C. § 365. Debtor therefore proposes that, for any Prepetition Claim relating to a Debtor's rejection of an executory contract or unexpired lease (hereinafter, a "Rejection Damages Claim") that becomes effective after entry of the Bar Date Order but before confirmation of any proposed plan proposed by Debtor, the Rejection Bar Date for such Rejections Damages Claims shall be the later of (a) the General Bar Date; or (b) thirty (30) days after the effective date of such rejection.

11.      As set forth in the proposed Bar Date Order (**Exhibit A**), Debtor requests that any person or entity that asserts a Rejection Damages Claim be required to file an original, written proof of such Prepetition Claim substantially in the form of the Proof of Claim form (**Exhibit B**), so as to be received on or before the Rejection Bar Date by either mail or delivery by hand to Law Office of Alla Kachan, 2799 Coney Island Avenue, Suite 202, Brooklyn, New York 11235, or by properly filing and docketing such Proof of Claim on the CM/ECF system.

## THIRD RELIEF REQUESTED - AMENDED SCHEDULE BAR DATE

12.      Debtor proposes further that it shall retain the right to: (a) dispute or assert offsets or defenses against any filed Prepetition Claim or any Prepetition Claim listed or reflected in the

Schedules as to nature, amount, liability, classification, or otherwise; (b) subsequently designate any Prepetition Claim as disputed, contingent or unliquidated; and (c) add a claim to the Schedules; provided, however, that if the Debtor amend the Schedules to reduce the undisputed, noncontingent, and liquidated amount, or change the nature or classification of a Prepetition Claim and/or add a claim to the Schedules, then the affected claimant will have until the Amended Schedule Bar Date to file a Proof of Claim or to amend any previously filed Proof of Claim.

13.     Debtor requests that the Court establish the Amended Schedule Bar Date as the later of (a) the General Bar Date or (b) thirty (30) days after the date that notice of the amendment is served on the affected claimant.  Notwithstanding the foregoing, nothing set forth herein would preclude Debtor from objecting to any Prepetition Claim, whether scheduled or filed.

14.     As set forth in the proposed Bar Date Order (**Exhibit A**), Debtor requests that any person or entity that asserts an Amended Schedule Claim be required to file an original, written proof of such Prepetition Claim substantially in the form of the Proof of Claim form (**Exhibit B**), so as to be received on or before the General Bar Date by either mail or delivery by hand to Law Office of Alla Kachan, 2799 Coney Island Avenue, Suite 202, Brooklyn, New York 11235, or by properly filing and docketing such Proof of Claim on the CM/ECF system.

## EFFECT OF FAILURE TO FILE BY APPLICABLE BAR DATE

15.     Debtor proposes that, pursuant to Fed. R. Bankr. 3003(c)(2), any person or entity that is required to file a Proof of Claim in this Chapter 11 case, pursuant to the Bankruptcy Code, the Bankruptcy Rules or the Order approving this Motion, but fails to do so in a timely manner shall forever be barred, estopped, and enjoined from asserting any Prepetition Claim against Debtor (or filing a Proof of Claim with respect thereto), and Debtor and its property shall be forever discharged from any and all indebtedness or liability with respect to such Prepetition Claim.  Additionally, any holder of any Prepetition Claim who is required, but fails to file a Proof of Claim in accordance with

the Bar Date Order on or before the applicable Bar Date shall not be permitted to vote to accept or reject any plan(s) or participate in any distribution in the Debtor's Chapter 11 case on account of such Prepetition Claim, or to receive further notices regarding such Prepetition Claim.

## NOTICE OF BAR DATES

16.    Pursuant to Fed. R. Bankr. P. 2002(a)(7), Debtor proposes to provide action notice of the Bar Dates by mailing a Bar Date Notice Package (the "Bar Date Notice," together with a Proof of Claim form, the "Bar Date Notice Package") to:

a.    The Office of the U. S. Trustee;

b.    all holders of Prepetition Claims listed on the Schedules at the addresses stated therein;

c.    all counterparties to executory contracts and unexpired leases;

d.    all taxing authorities for locations in which Debtor do and have done business;

e.    all parties to litigation in which Debtor are involved;

f.    all providers of utility services to Debtor;

g.    all insurance providers;

h.    all of the Debtor's ordinary course professionals;

i.    all persons or entities requesting notice pursuant to Fed. R. Bankr. P. 2002 as of entry of the Bar Date Order;

j.    all parties that have filed Proofs of Claim in these cases as of the dated of entry of the Bar Date Order;

k.    all parties on Debtor's consolidated mailing matrix.

17.    Debtor reserves the right to serve the Bar Date Notice on certain persons or entities not described above with which, prior to the Petition Date, Debtor have done business with or that may have asserted a claim against Debtor in the recent past.

18. If and when Debtor amends her Schedules to reduce any undisputed, noncontingent or unliquidated claims, or change the nature or classification of a Prepetition Claim or to add a claim, Debtor will provide notice to the affected claimant(s) of any such amended or added claim, which will include information regarding the Amended Schedule Bar Date and how to file a Proof of Claim or amend an existing Proof of Claim.

20. Based upon the number of persons and entities to whom Debtor proposes to provide notice, Debtor intends to mail the Bar Date Notice Package to all known creditors within twenty-one (21) days of the entry of the Bar Date Order.

21. Debtor further proposes that all persons or entities asserting claims against more than one Debtor be required to file a separate Proof of Claim with respect to each such Debtor.

**WHEREFORE**, Debtor respectfully requests that the Court enter an order approving the Bar Dates and Proof of Claim form, and for such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
      June 24, 2024

                                  _/s/ Alla Kachan_
                                  Alla Kachan, Esq.
                                  Law Offices of Alla Kachan, P.C.
                                  2799 Coney Island Avenue, Suite 202
                                  Brooklyn, NY 11235
                                  Tel.: (718) 513-3145

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

Royal Development Inc

                         Debtor.
-------------------------------------------------------X

Case No 24-41689-nhl

Chapter 11

## ORDER
## ESTABLISHING BAR DATE FOR THE FILING OF PROOFS OF CLAIM AGAINST
## DEBTOR, ROYAL DEVELOPMENT INC., PURSUANT TO BANKR. RULE 3003(c)(3)

Upon the application of Debtor, 921 East 84 Street LLC., in this Chapter 11 case, pursuant to Fed. R. Bankr. P. 3003(c)(3), the fixing of a deadline and establishing procedures for filing proofs of claim and approving the form and manner of service thereof, and it is appearing that the relief requested is in the best interest of Debtor, the estate, and creditors, and that adequate notice has been given and that no further notice is necessary; and after due deliberation and good and sufficient cause appearing therefor, it is hereby:

**ORDERED**, that except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as defined in section 101(5) of 11 U. S. C. §§ 101 et seq. (the "Bankruptcy Code"), against Debtor which arose prior to the filing of the Chapter 11 petition on April 19, 2024, shall file a proof of such claim in writing so that it is received on or before August 23, 2024, (hereinafter, the "General Bar Date"); and it is further

**ORDERED**, that notwithstanding any other provision hereof, proofs of claim filed by governmental units must be filed on or before September 22, 2024 (the date that is 180 days after the date of the order for relief); and it is further

**ORDERED**, that the following procedures for the filing of proofs of claim shall apply:

(a).    Proofs of claim shall conform substantially to Official Bankruptcy Form No. 410;

(b)    Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) shall file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system.  Those without accounts to the CM/ECF system shall file their proofs of claim by mailing or delivering the original proof of claim to the United States Bankruptcy Court, Eastern District of New York, Conrad B. Duberstein U.S. Courthouse, 271-C Cadman Plaza East, Suite 1595, Brooklyn, New York, 11201-1880;

(c)    Proofs of claim shall be deemed timely filed only when received by the Clerk of the Court on or before the Bar Date;

(d)    Proofs of claim shall (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary); (iii) be in the English language; and (iv) be denominated in United States currency; and it is further

**ORDERED**, that the following persons or entities need not file a proof of claim on or prior to the Bar Date:

(a)    Any person or entity that has already filed a proof of claim against the Debtor in this case with the Clerk of the Bankruptcy Court for the Eastern District of New York in a form substantially similar to Official Bankruptcy Form No. 410;

(b)    Any person or entity whose claim is listed on the Schedules of Assets and Liabilities filed by the Debtor (collectively, the "Schedules"), if (i) the claim is not scheduled as "disputed," "contingent" or "unliquidated"; and (ii) the claimant agrees with the amount, nature and priority of the claim as set forth in the Schedules;

(c)    Any holder of a claim that has already been allowed in this case by order of the Court;

(d)    Any holder of a claim for which a different deadline for filing a proof of claim in this

case has already been fixed by this Court; or

    (e)    Any holder of claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtor's estate; and it is further

**ORDERED**, that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the later of the Bar Date or the date that is 30 days after the date of the order authorizing such rejection, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this Order, must file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection; and it is further

**ORDERED**, that holders of equity security interests in Debtor's assets need not file proofs of interest with respect to the ownership of such interests, but if any such holder has a claim against Debtor (including a claim relating to an equity interest or the purchase or sale of the equity interest), a proof of claim shall be filed on or prior to the Bar Date; and it is further

**ORDERED**, that if Debtor amends or supplements the Schedules after the date of this Order, Debtor shall give notice of any amendment or supplement to the holders of claims amended thereby, and holders of such claims shall have 30 days from the date of service of the notice to file proofs of claim and shall be given notice of that deadline; and it is further

**ORDERED**, that nothing in this Order shall prejudice the right of Debtor or any other party in interest to dispute or assert offsets or defenses to any claim listed in the Schedules; and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 3003(c)(2), a holder of a claim that fails to comply with this Order by timely filing a proof of claim in appropriate form shall not be treated as a creditor with respect to that claim for purposes of voting and distribution; and it is further

**ORDERED,** that notice of the Bar Date substantially in the form annexed hereto is approved and shall be deemed adequate and sufficient if served by first-class mail at least 35 days prior to the Bar Date on:

      (a)     The United States Trustee;

      (b)     Counsel to each official committee;

      (c)     all persons or entities that have requested notice of the proceedings in this case;

      (d)     all persons or entities that have filed claims in this case;

      (e)     all creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims;

      (f)     all parties to executory contracts and unexpired leases of the Debtor;

      (g)     all parties to litigation with Debtor;

      (h)     the Internal Revenue Service for the district in which the case is pending and, if required by the Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units; and it is further

**ORDERED,** that Debtor is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED,** that entry of this Order is without prejudice to the right of Debtor to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Date established herein must file such proofs of claim or interest or be barred from doing so.

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:

Royal Development Inc

                      Debtor.
-------------------------------------------------------X

Case No 24-41689-nhl

Chapter 11

## NOTICE OF DEADLINE REQUIRING FILING OF PROOFS OF CLAIM ON OR BEFORE AUGUST 23, 2024

### TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ROYAL DEVELOPMENT INC

The United States Bankruptcy Court for the Eastern District of New York has entered an Order establishing August 23, 2024, (the "Bar Date") as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts and governmental units) to file a proof of claim against Royal Development Inc (the "Debtor").

The Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtor that arose prior to April 19, 2024, (the "Filing Date"), the date on which the Debtor commenced a case under chapter 11 of 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), except for those holders of the claims listed in Section 4 below that are specifically excluded from the Bar Date filing requirement.

### 1.    WHO MUST FILE A PROOF OF CLAIM

You MUST file a proof of claim to vote on a Chapter 11 plan filed by the Debtor or to share in distributions from the Debtor's bankruptcy estate if you have a claim that arose prior to the Filing Date, and it is not one of the types of claim described in Section 4 below.

Claims based on acts or omissions of the Debtor that occurred before the Filing Date must be filed on or prior to the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Filing Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

2.      **WHAT TO FILE**

Your filed proof of claim must conform substantially to Official Bankruptcy Form No. 410 a copy of which is annexed to this Notice. Additional proof of claim forms may be obtained at www.uscourts.gov/forms/bankruptcy-forms/proof-claim.

The proof of claim form must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in United States currency. You must attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary).

Your proof of claim form shall not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

3.      **WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed so as to be received

on or before May 7, 2024.

Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) shall file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system. Those without accounts to the CM/ECF system shall file their proofs of claim by mailing or delivering the original proof of claim to the Court at the address provided below.

[United States Bankruptcy Court Eastern District of New York

Conrad B. Duberstein U.S. Bankruptcy Courthouse 271-C Cadman Plaza East,

Suite 1595, Brooklyn, New York 11201-1800]

A proof of claim will be deemed timely filed only when received by the Bankruptcy Court on or before the Bar Date. A proof of claim may not be delivered by facsimile, telecopy or electronic mail transmission.

Governmental units may have until September 22, 2024 the date that is 180 days after the order for relief, to file proofs of claim.

4.      **WHO NEED NOT FILE A PROOF OF CLAIM**

You do not need to file a proof of claim on or before the Bar Date if you are:

(a)      A person or entity that has already filed a proof of claim against the Debtor in this case with the Clerk of the Bankruptcy Court for the Eastern District of New York in a form substantially similar to Official Bankruptcy Form No. 410;

(b)      A person or entity whose claim is listed on the Schedules of Assets and Liabilities filed by the Debtor (collectively, the "Schedules") [Docket Entry No. 1] if (i) the claim is not scheduled as "disputed," "contingent," or "unliquidated" and (ii) you agree with the amount, nature and priority of the claim as set forth in the Schedules;

(c)    A holder of a claim that has already been allowed in this case by order of the Court;

(d)    A holder of a claim for which a different deadline for filing a proof of claim in this case has already been fixed by this Court; or

(e)    A holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtor's estate.

If you are a holder of an equity interest in the Debtor, you need not file a proof of interest with respect to the ownership of such equity interest at this time. But, if you assert a claim against the Debtor, including a claim relating to your equity interest or the purchase or sale of that interest you must file a proof of claim on or prior to the Bar Date in accordance with the procedures set forth in this Notice.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtor but may not have an unpaid claim against the Debtor. The fact that you have received this Notice does not mean that you have a claim, or that the Debtor or the Court believes that you have a claim against the Debtor.

## 5.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

If you have a claim arising out of the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before _____, the date of entry of the Bar Order, you must file a proof of claim based on such rejection on or before the later of the Bar Date or the date that is 30 days after the date of the order authorizing such rejection. Any person or entity that has a claim arising from the rejection of an executory contract or unexpired lease, as to which the order is dated after the date of entry of the Bar Order, you must file a proof of claim with respect to such claim by the date fixed by the Court in the applicable order authorizing rejection of

such contract or lease.

### 6.    CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE

ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THIS ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM, WILL BE BARRED FROM ASSERTING ITS CLAIM AGAINST THE DEBTOR AND HIS CHAPTER 11 ESTATE, VOTING ON ANY PLAN OF REORGANIZATION FILED IN THIS CASE, AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTOR'S CHAPTER 11 CASE ON ACCOUNT OF THAT CLAIM.

### 7.    THE DEBTOR'S SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against the Debtor in the Debtor's Schedules. If you agree with the nature, amount and status of your claim as listed in the Debtor's Schedules, and if your claim is not described as "disputed," "contingent," or "unliquidated," you do not need to file a proof of claim. Otherwise, you must file a proof of claim before the Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtor's Schedules are available for inspection on the Court's Internet Website at http://www.nyeb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Debtor's Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, Conrad B. Duberstein U.S. Courthouse, 271-C Cadman Plaza East, Ste 1595, Brooklyn, N.Y. 11201-1800].

Copies of the Debtor's Schedules may also be obtained by written request to the Debtor's counsel at the address and telephone number set forth below.

**If you are unsure about any of these matters, including whether you should file a proof of claim, you may wish to consult an attorney.**

Dated: Brooklyn, New York

_____                    **BY ORDER OF THE COURT**

**<u>COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION</u>**

**FIRM NAME:** LAW OFFICES OF ALLA KACHAN, P.C.

**ADDRESS:** 2799 CONEY ISLAND AVE, SUITE 202, BROOKLYN, NY 11235

**PHONE NUMBER:** (718) 513-3145

# EXHIBIT B

**Fill in this information to identify the case:**

Debtor 1        Royal Development Inc

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: _____ District of _____

Case number    24-41689-nhl

Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:    Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | Name of the current creditor (the person or entity to be paid for this claim) _____<br><br>Other names the creditor used with the debtor _____ |
| 2. Has this claim been acquired from someone else? | ☐ No<br>☐ Yes.  From whom? _____ |

3. Where should notices and payments to the creditor be sent?

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different)

Name | Name

Number        Street | Number        Street

City                State            ZIP Code | City                State            ZIP Code

Contact phone _____ | Contact phone _____

Contact email _____ | Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

| | |
|---|---|
| 4. Does this claim amend one already filed? | ☐ No<br>☐ Yes.  Claim number on court claims registry (if known) _____    Filed on ____ / ____ / _____<br>                                                                                      MM   / DD   / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☐ No<br>☐ Yes.  Who made the earlier filing? _____ |

**Part 2:    Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |

7. **How much is the claim?**    $_____. **Does this amount include interest or other charges?**

        ☐ No

        ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

9. **Is all or part of the claim secured?**

    ☐ No

    ☐ Yes.   The claim is secured by a lien on property.

        **Nature of property:**

        ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

        ☐ Motor vehicle

        ☐ Other. Describe: _____

        **Basis for perfection:** _____

        Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

        **Value of property:**          $_____

        **Amount of the claim that is secured:**   $_____

        **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

        **Amount necessary to cure any default as of the date of the petition:**   $_____

        **Annual Interest Rate** (when case was filed)_____%

        ☐ Fixed

        ☐ Variable

10. **Is this claim based on a lease?**

    ☐ No

    ☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

11. **Is this claim subject to a right of setoff?**

    ☐ No

    ☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☐ Yes. *Check one:*

                                                            **Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).     $_____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).     $_____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).     $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).     $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).     $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(\_\_) that applies.     $_____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:   Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
                           MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name       _____
                   First name            Middle name         Last name

Title        _____

Company   _____
                   Identify the corporate servicer as the company if the authorized agent is a servicer.

Address    _____
                   Number       Street

                   _____
                   City                     State     ZIP Code

Contact phone  _____    Email _____