**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------
)
In re:                                                              )        Chapter 11
                                                                         )
Royal Development Inc,                                  )
                                                                         )        Case no. 24-41689-nhl
                                            Debtor.        )
                                                                         )
-------------------------------------------------------

## ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF BANKRUPTCY ATTORNEY FOR THE DEBTOR

Upon the application (EFC No. 19, the "Application") of Royal Development Inc, the above-captioned debtor and debtor-in-possession (the "Debtor"), for entry an order, pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 2016(b) of the Federal Rules of Bankruptcy Procedure, authorizing the employment of Law Offices of Alla Kachan PC ("LOAK") as attorney to the Debtor; and upon the declaration of Alla Kachan, which is annexed to the Application (the "Declaration"); and it appearing that LOAK is a "disinterested person" within the meaning of sections 101(14) and 327 of the Bankruptcy Code and does not hold or represent any interest adverse to the Debtor's estate; and this Court having determined that employment of LOAK by the Debtor is in the best interests of the Debtor, its estate and its creditors; and adequate notice of the Application having been given; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the Debtor is authorized to employ LOAK as its bankruptcy attorney, effective as of April 19, 2024 and it is further

ORDERED, that to the extent the Application or Declaration is inconsistent with this Order, the terms of this Order shall govern; and it is further

ORDERED, that LOAK shall seek compensation for its services and reimbursement of its expenses upon application to the Court, and upon notice and a hearing, pursuant to 11 U.S.C. §§ 330 and 331, Bankruptcy Rule 2016, E.D.N.Y.L.B.R.2016 and the Guidelines of the Office of the United States Trustee; and it is further

ORDERED, that LOAK shall apply the remaining amount of any pre-petition retainer as a credit towards post-petition fees and expenses, after such post-petition fees and expenses are first approved pursuant to order the Court; and it is further

ORDERED, that prior to any increases in LOAK's rates, LOAK shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court; and it is further

INTENTIONALLY LEFT BLANK

ORDERED, that, notwithstanding any provision to the contrary in the Application or the Declaration, the Court retains jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

**NO OBJECTION:**
**WILLIAM K HARRINGTON**
**UNITED STATES TRUSTEE, REGION 2**

By: /s/ Jeremy S. Sussman, Esq.
    Jeremy S. Sussman
    Trial Attorney
    Office of the United States Trustee
    Alexander Hamilton Custom House
    One Bowling Green, Room 510
    New York, New York 10004
    (202) 573-6935

Dated: New York, New York
     August 20, 2024



Dated: September 3, 2024
    Brooklyn, New York

_____
Nancy Hershey Lord
United States Bankruptcy Judge