Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, New York 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:                                                                Chapter 11

    Royal Development Inc,                            Case No.: 1-24-41689-nhl

              Debtor.
-------------------------------------------------------X

**NOTICE OF HEARING ON MOTION FOR: (I) AN ORDER: (A) AUTHORIZING THE SALE OF THE DEBTOR'S REAL PROPERTY; (B) SCHEDULING A PUBLIC AUCTION SALE OF THE DEBTOR'S REAL PROPERTY; (C) APPROVING TERMS AND CONDITIONS OF SALE TO GOVERN THE PUBLIC AUCTION SALE OF THE DEBTOR'S REAL PROPERTY; (E) APPROVING THE FORM AND MANNER OF NOTICE OF THE PUBLIC AUCTION SALE OF THE DEBTOR'S REAL PROPERTY; AND (F) SCHEDULING A HEARING TO CONFIRM THE RESULTS OF THE PUBLIC AUCTION SALE; AND (II) AN ORDER (A) APPROVING THE SALE OF THE DEBTOR'S REAL PROPERTY; AND (B) GRANTING RELATED RELIEF**

      **PLEASE TAKE NOTICE** that a hearing on the annexed motion, dated December 17, 2024 (the "**Motion**"), of Royal Development Inc (the "**Debtor**"), will be held before the Honorable Nancy Hershey Lord, United States Bankruptcy Judge, **February 11, 2025, at 3:00 P.M.,** in the United States Bankruptcy Court -- Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, New York 11201, the Courtroom 3577, or as soon thereafter as counsel can be heard. The hearing will be conducted solely using the Webex audio video platform. The hearing will be held by videoconference. Parties have the option to either connect by video using the provided video link or dial in as an audio only participant. However, parties are encouraged to appear by video. All participants are asked to use **eCourt Appearances** to register their hearing appearances ( https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl.) and may register for hearings weeks

1

in advance, but not less than 24 hours in advance. Once registered, eCourt Appearances will email the telephone number and/or video link for this hearing. Those registering with eCourt Appearances for hearings in less than 48 hours should allow up to 15 minutes after registration to receive the email with the telephone number and/or video link. Those unable to access eCourt Appearances must email Judge Nancy Hershey-Lord's Courtroom Deputy at: nhl_hearings@nyeb.uscourts.gov at least two (2) business days prior to the hearing. Your email must include your name, the case number(s), who you represent (if you are an attorney), hearing date, and phone number.

**PLEASE TAKE FURTHER NOTICE** that any objection to the within Motion must be in writing and must state with particularity the grounds of the objection. The objection must be filed with the Clerk of the Bankruptcy Court electronically at www.nyeb.uscourts.gov, and a copy of the objection must be served upon the undersigned counsel for the debtor so as to be received no later than seven (7) day before the hearing date.

Dated: Brooklyn, New York
       December 17, 2024

                                        /s/ Alla Kachan
                                        Alla Kachan

2

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, New York 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re:                                                              Chapter 11

    Royal Development Inc,                              Case No.: <u>1-24-41689-nhl</u>

               Debtor.
--------------------------------------------------------X

**MOTION FOR: (I) AN ORDER: (A) AUTHORIZING THE SALE OF THE DEBTOR'S REAL PROPERTY; (B) SCHEDULING A PUBLIC AUCTION SALE OF THE DEBTOR'S REAL PROPERTY; (C) APPROVING TERMS AND CONDITIONS OF SALE TO GOVERN THE PUBLIC AUCTION SALE OF THE DEBTOR'S REAL PROPERTY; (E) APPROVING THE FORM AND MANNER OF NOTICE OF THE PUBLIC AUCTION SALE OF THE DEBTOR'S REAL PROPERTY; AND (F) SCHEDULING A HEARING TO CONFIRM THE RESULTS OF THE PUBLIC AUCTION SALE; AND (II) AN ORDER (A) APPROVING THE SALE OF THE DEBTOR'S REAL PROPERTY; AND (B) GRANTING RELATED RELIEF**

        The Debtor and Debtor-In-Possession (the "DIP"), Royal Development Inc., by its counsel Alla Kachan, Esq., of Law Offices of Alla Kachan, P.C., hereby files this motion (a) authorizing the sale of the Debtor's real property and improvements located at 98-29 Ditmas Avenue, Brooklyn, NY 11236 (the "Property"); (b) scheduling a public auction sale of the Property for Thursday, February 27, 2025 at 2:00 p.m. EST ("Sale"); (c) the proposed Terms and Conditions of Sale to govern the Sale, substantially in the form annexed hereto as Exhibit B; (d) approving the form and manner of notice of the Sale, substantially in the form annexed hereto as Exhibit C; and (e) scheduling a hearing to confirm the results of the Sale; and (II) an Order, in a form to be submitted following the Sale ("Approval Order"): (a) approving the sale of the Property; and (b) granting such other, further and different relief as this Court deems just and proper, and respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought in this Motion include 11 U.S.C. §§ 105 and 363 ("Bankruptcy Code"), Rules 2002, 6004(h) and 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), Local Bankruptcy Rule 6004-1, and Administrative Order No. 557 adopting the guidelines for the conduct of asset sales under section 363(b) of the Bankruptcy Code ("Order No. 557").

## BACKGROUND

4.      On April 19, 2024 ("Filing Date"), a voluntary petition under Chapter 11 of the Bankruptcy Code was filed by the Debtor in the United States Bankruptcy Court for the  Eastern District of New York ("Court").

5.      Public records reflect that, as of the Filing Date, the Debtor was the fee owner of the Property. The Property is a 38,410 square foot lot improved by a 45,740 square foot warehouse space. that is currently partially occupied with tenants.

6.      Public records reflect that, on or about November 24, 2021, the Lender made a loan ("Loan") to the Debtor in the principal sum of five million five hundred thousand dollars ($5,500,000.00, which Loan is evidenced by an amended restated and consolidated loan effective November 24, 2021 ("Note"). To secure its obligations under the Note, the Debtor, as mortgagor, delivered to the Lender, as mortgagee, a mortgage dated as of November 24, 2021 ("Mortgage"), which Mortgage was recorded with the New York City Register ("Register). The Loan matured on December 1, 2023.

7.    The Debtor intends to sell the Property in accordance with, inter alia, section 363 of the Bankruptcy Code.

## RELIEF REQUESTED AND BASIS FOR RELIEF

8.    By this Motion, the Debtor seeks, inter alia, entry of the Authorization Order (**Exhibit A** hereto): (a) authorizing the sale of the property; (b) Scheduling the Sale for Thursday, February 27, 2025 at 2:00 p.m. EST; (c) approving the proposed Terms and Conditions of Sale to govern the Sale of the Property (**Exhibit B** hereto); (d) approving the form and manner of notice of the Sale (**Exhibit C** hereto); (e) and scheduling a hearing to confirm the results of the Sale.

9.    The sale of the Property is appropriate and necessary. The proposed Sale will ensure that the value of the Property is maximized and that the highest or best offer for the Property is received.

### (A) The Sale of The Property Should be Authorized and Scheduled

10.    It is in the best interests of the Debtor's estate and all of its creditors for the property to be sold.

11.    The Debtor proposes to conduct the Sale by Zoom (or another virtual platform) on Thursday, February 27, 2025 at 2:00 p.m. EST (Eastern), or such other later date and time designated by the Court. Only parties that have delivered a required $500,000 deposit and executed Terms and Conditions of Sale to the DIP by 5:00 p.m. (Eastern) on Tuesday, February 25, 2025, and Lender will be entitled to participate in the Sale. At or prior to the Sale, the Auctioneer will determine the opening bid. Qualified bidders and the Lender may make competing bids to purchase the Property. The Sale shall continue until there is only one offer that the Auctioneer determines is the highest or otherwise best offer for the Property.

12.     Upon entry of the Authorization Order, it is anticipated that the Broker will engage in a marketing plan, which will include, inter alia: (a) listing the Sale on appropriate websites; (b) soliciting bidders by phone and email; (c) supervising inspections for interested parties; (d) advertising the Sale in appropriate publications; and (e) distributing electronic flyers and marketing materials. The DIP submits that the proposed February 27, 2025 sale date will provide sufficient time for the Broker to advertise the Sale and to ensure that the highest or otherwise best offer for the property is received.

13.     The DIP submits that the proposed Sale of the Property is in the best interests of the Debtor's estate and its creditors and should be approved and scheduled.

**(B) The Terms and Conditions of Sale Should Be Approved**

14.     The proposed Terms and Conditions of Sale for the Property are annexed hereto as **Exhibit B**. The salient provisions of the proposed Terms and Conditions of Sale are as follows:

a.  The Sale will be conducted on Thursday, February 27, 2025 at 2:00 p.m. EST (Eastern) by Zoom (or another virtual platform) (instructions to be provided  separately in advance of the Sale)

b.  The Lender may credit bid for the Property at the Sale pursuant to section 363(k) of the Bankruptcy Code. The Lender: (a) shall in all events be  deemed a qualified bidder at the Sale and be permitted to bid at the Sale; (b)  shall not be required to pay a Qualifying Deposit (as defined in ¶7 of the  Terms and Conditions of Sale) or any other Deposit (as defined in ¶10 of  the Terms and Conditions of Sale) of any kind whatsoever, and (c) shall not  be required to pay a Buyer's Premium (as defined in ¶10 of the Terms and  Conditions of Sale).

c.  To register for the Sale and bid on the Property, on or before 5:00 p.m. on Tuesday, February 25, 2025, each prospective bidder (other than the Lender) must deliver to the auctioneer: (a) a certified or bank check drawn on an account of such bidder and payable to "Royal Development, Inc., as DIP in the amount of five hundred thousand dollars ($500,000) ("Qualifying Deposit"), which amount shall serve as a good faith deposit against payment of the purchase price for the Property; and (b) the Terms and Conditions of Sale, executed by such prospective bidder. The seller reserves the right to reject any bidder (other than the Lender) who, in the sole discretion of the seller, the seller believes is not financially capable of consummating the purchase of the Property.

d.  At the conclusion of the Sale, the first highest bidder ("Highest Bidder") and the second highest bidder ("Second Highest Bidder") for the Property must also execute, and thereby agree to be bound by, a Memorandum of Sale.

e.  The Highest Bidder or, as applicable, the Second Highest Bidder (other than the Lender) shall be solely responsible to pay the Debtor's retained broker, MYC & Associates, Inc., four (4%) percent of the amount bid by the Highest Bidder or, as applicable, the Second Highest Bidder at the Sale (such percentage amount being the "Buyer's Premium"). The sum of the amount bid at the Sale and the Buyer's Premium is defined therein as the "Purchase Price".

f.  **By 5:00 p.m. on March 3, 2025**, the Highest Bidder (other than the Lender) shall deliver to the Debtor's attorney to be held in escrow, by certified check,

7

bank check, or wire transfer an amount equal to 10% of the Purchase Price

<u>minus</u> the amount of the Qualifying Deposit, as and for a good faith deposit

(such amount, plus the Qualifying Deposit, hereinafter "<u>Deposit</u>").

g. The Highest Bidder (other than the Lender) must pay the balance of the Purchase Price to the seller, by wire transfer at the closing of title to the Property ("<u>Closing</u>").

h. The Highest Bidder must close title to the Property on or before **3:00 p.m. on April 10, 2025** ("<u>Closing Date</u>"), **TIME BEING OF THE ESSENCE as to the Highest Bidder**, although such date may be extended solely by the Trustee. The Closing shall take place on or before the Closing Date at the offices of the attorneys for the Seller, Law Offices of Alla Kachan, P.C., 2799 Coney Island Ave, #202, Brooklyn, NY 11235 or by mail, as elected by the seller.

i. Real estate taxes, water and sewer charges, and rent/use and occupancy (only to the extent actually received by or on behalf of the Debtor's estate) will be apportioned as of 12:00 a.m. on the Closing Date. There will be no other apportionments pertaining to the Property.

j. The Highest Bidder shall pay, on the Closing Date, any and all city, county, state or other transfer taxes incurred by or in connection with the transfer of the Property.

k. The Property is being sold:

i. **"AS IS" "WHERE IS", "WITH ALL FAULTS,"** without any representations, covenants, guarantees or warranties of any kind or nature whatsoever;

ii. free and clear of any and all monetary interests of whatever kind or nature including, but not limited to, liens, claims, encumbrances, monetary fines or penalties for violations, judgments and/or mortgages (collectively, "Interests"), with such Interests, if any, to attach to the proceeds of sale in such order and priority as they existed immediately prior to the entry of the Order for Relief against the Debtor; and

iii. subject to, among other things:

1. any occupancies and/or tenancies;

2. any state of facts that an accurate survey may show;

3. any state of facts a physical inspection may show;

4. any covenants, restrictions and easements of record;

5. any building or zoning ordinances or other applicable

6. municipal regulations and violations thereof;

7. environmental conditions; and

8. the conditions giving rise to any and all non-monetary

9. violations existing on the Property as of the Closing Date.

15.    The proposed Terms and Conditions of Sale also require bidders to disclose any connections to the Debtor, the Debtor's principal (Vladimir Furleiter), the Lender, the Trustee and/or the Trustee's professionals. See **Exhibit B** at ¶31.

9

16.    The Debtor submits in their reasonable business judgment that the proposed Terms and Conditions of Sale are designed to ensure that the Debtor's estate receives the maximum benefit from the sale of the Property on a reasonable timetable given the circumstances of this case and therefore warrant Court approval.

**(C) The Notice of Sale Should be Approved**

17.    Pursuant to Bankruptcy Rules 2002(c) and 6004(a), the Auctioneer is required to give twenty-one (21) days' notice of any proposed sale of property not in the ordinary course of business to the Debtor and all creditors. See FED. R. BANKR. P. 2002(c) and 6004(a). Bankruptcy Rule 2002(c) provides that such notice must include the time and place of any auction, a sale hearing, and the time fixed for objections to the sale. See FED. R. BANKR. P. 2002(c).

18.    Here, the Notice of Sale, substantially in the form annexed hereto as **Exhibit B**, will be served in accordance with Bankruptcy Rule 2002(c) at least twenty-one (21) days prior to the Sale. As reflected in the Notice of Sale, it includes: (a) the date, time and location of the Sale; (b) the Terms and Conditions of the Sale; and (c) a reasonably specific description of the Property.

19.    The Debtor submits that the Notice of Sale as proposed complies with Bankruptcy Rule 2002 and Order No. 557, and constitutes good and adequate notice of the Sale. Therefore, the Debtor respectfully requests that the Court approve the proposed Notice of Sale.

**(D) The Sale Approval Hearing Should be Scheduled**

20.    The Debtor proposes that, following the Sale, an affirmation to confirm the results of the sale will be submitted to the Court along with the proposed Approval Order authorizing and approving, inter alia, the Debtor's sale of the Property to the successful bidder from the Sale.

Subject to Court availability, the Debtor proposes that the hearing be conducted on June 27, 2024 ("Sale Approval Hearing").

## II. The Approval Order Should Be Entered

21.     By this Motion, the Debtor also seeks entry of the Approval Order following the Sale Approval Hearing. As set forth above, the Debtor intends to submit an affirmation confirming the results of the Sale and the proposed Approval Order prior to the Sale Approval Hearing.

### (A) The Sale of the Property Should be Approved

22.     Pursuant to section 704(a) of the Bankruptcy Code, Chapter 7 trustees are required to "reduce to money the property of the estate for which such trustee serves." 11 U.S.C. § 704(a)(1). Under Bankruptcy Rule 6004(f)(1), a trustee is permitted to sell property of the estate pursuant to section 363(b) of the Bankruptcy Code by private sale or public auction. FED. R. BANKR. P. 6004(f)(1). Section 363(b) of the Bankruptcy Code and Bankruptcy Rule 6004 govern the sale of assets outside of the ordinary course of a debtor's business. Section 363 of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1).

23.     Order No. 557 supplements the requirements of section 363 of the Bankruptcy Code and provides, in pertinent part, that:

> When an auction is contemplated in cases filed under chapter 11 and where appropriate under other chapters, the [trustee] should ordinarily file a single motion seeking the entry of two orders to be considered at two separate hearings. The first order [. . .] will approve procedures for the sale process, including any protections for an initial, or stalking horse bidder ("stalking horse"), and the second order [. . .] will approve the sale to the successful bidder at the auction.

24.     The Debtor as a Debtor-In-Possession is statutorily charged with liquidating property of the Debtor's estate as expeditiously as is compatible with the best interests of the estate. See 11 U.S.C. § 704(a)(1). Here, the Debtor in Possession used their sound business judgment to determine that selling the Property outside the ordinary course of business and pursuant to the Stipulation is justified, necessary and appropriate. Given that the Debtor is in a Chapter 11 and the sale of the Property is a necessary part of the reorganization process, thus the sale the prudent course is to proceed with its sale. Indeed, compelling justifications exist to authorize the Sale as set forth herein.

25.     Based upon the foregoing, the Debtor submits that the proposed sale of the Property represents a reasonable exercise of the Debtor's business judgement and should be approved.

**(B) The Property Should Be Sold Free and Clear Of Any and All Monetary Interests Pursuant to Section 363(f) of the Bankruptcy Code**

26.     The Debtor proposes that the Property be sold free and clear of any and all monetary interests of whatever kind or nature including, but not limited to, liens, claims, encumbrances, judgments and/or mortgages (collectively, "Interests"), with such Interests, if any, to attach to the proceeds of sale in such order and priority as they existed immediately prior to the commencement of the Debtor's bankruptcy case.

27.     Section 363 of the Bankruptcy Code permits a trustee to sell property free and clear of any interest in such property if: (a) applicable state law will permit the sale; (b) such entity consents; (c) the price at which the assets is being sold exceeds the aggregate value of all liens on such property; (d) the interest is in bona fide dispute; or (e) the entity with an interest in the asset being sold could be compelled in a legal or equitable proceeding to accept a money satisfaction of its interest in and to the property. See 11 U.S.C. § 363(f).

28.    Several courts have held that notwithstanding the use of the term "interest" in the statutory language of section 363(f), such section grants bankruptcy courts the power to convey assets free and clear of claims. See, e.g., In re Trans World Airlines., Inc., 322 F.3d 283, 290 (3d Cir. 2003); In re Medical Software Solutions, 286 B.R. 431, 446 (Bankr. D. Utah 2002); In re TWA, No. 01-0056 (PJW), 2001 Bankr. LEXIS 723 at *13-14 (Bankr. D. Del. Mar. 27, 2001) ("Authorizing the sale [of debtor's assets] free and clear of . . . successor liability claims achieves the purpose of section 363 [of the Bankruptcy Code] intended by Congress."). Section 105(a) of the Bankruptcy Code provides additional support for court's authority to convey assets free and clear of claims. See In re White Motor Credit Corp., 75 B.R. 944, 948 (Bankr. N.D. Ohio 1987) (stating that the absence of specific authority to sell assets free and clear of claims poses no impediment to such sale, as such authority is implicit in the court's equitable powers when necessary to carry out the provisions of Title 11); see also Equity Broad. Corp. v. Shubert (In re Winstar Commc'ns, Inc.), 284 B.R. 40, 48 (Bankr. D. Del. 2002) (approving a sale order transferring the debtor's securities free and clear of all encumbrances pursuant to sections 105(a) and 363(f) of the Bankruptcy Code).

29.    All known holders of Interests in the Property will be provided notice of the proposed Sale. Thus, all known holders of Interests in the Property will have an opportunity to oppose the proposed sale of the Property pursuant to section 363(f) of the Bankruptcy Code and to be heard at the hearing.

30.    Based on the foregoing, the requirements of section 363(f) of the Bankruptcy Code are satisfied, and the Property may be sold free and clear of any and all Interests.

**(C) The Successful Bidder Should Be Afforded Protection Under Section 363(m) of the Bankruptcy Code**

31.    Section 363(m) of the Bankruptcy Code affords protection to a good faith purchaser in any interest in property purchased from an estate, whether the sale conducted is later reversed or modified on appeal. Specifically, section 363(m) provides as follows:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of
>
> this section of a sale or lease of property does not affect the validity of a sale or lease under
>
> such authorization to an entity that purchased or leased such property in good faith,
>
> whether or not such entity knew of the pendency of the appeal, unless such authorization
>
> and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m); see also Allstate Ins. Co. v. Hughes, 174 B.R. 884, 888 (S.D.N.Y. 1994)

("Section 363(m) . . . provides that good faith transfers of property will not be affected by

the reversal or modification on appeal of an unstayed order, whether or not the transferee knew of

the pendency of the appeal."); In re Stein & Day, Inc., 113 B.R. 157, 162 (Bankr. S.D.N.Y. 1990)

("good faith purchasers are protected from the reversal of a sale on appeal unless there is a

stay pending appeal").

32.    The United States Court of Appeals for the Second Circuit has held that a

party would have to show fraud or collusion between a buyer and the debtor-in-possession or

trustee in order to demonstrate a lack of good faith. See Kabro Assocs., L.L.C. v. Colony Hill

Assocs. (In re Colony Hill Assocs.), 111 F.3d 269, 276 (2d Cir. 1997) (citations omitted)

("[t]ypically the misconduct that would destroy a purchaser's good faith status at a judicial sale

involves fraud, collusion between the purchaser and other bidders or the Trustee, or an attempt to

take grossly unfair advantage of other bidders."); see also In re Bakalis, 220 B.R. 525, 537 (Bankr.

E.D.N.Y. 1998).

33.    Here, the court retained auctioneer, on behalf of the Debtor in Possession, intends

to conduct the Sale of the Property. The Auctioneer anticipates that, following the Sale, she will

seek to confirm the sale to the highest or best bidder. The Auctioneer anticipates that such bidder

for the Property will be acting in good faith since the Sale will be conducted at arm's-length with an opportunity for competitive bidding.

34.     Accordingly, it is anticipated that the Approval Order will afford the successful bidder at the Sale (including Lender) the protections available under section 363(m) of the Bankruptcy Code.

35.     Pursuant to Order No. 557, the Auctioneer is required to highlight any "extraordinary provisions" in a separate section of a motion seeking to sell estate assets. The Trustee submits that there are no "extraordinary provisions" with respect to the proposed Sale that have not otherwise been highlighted herein.

## NOTICE AND NO PRIOR REQUEST

36.     By separate application, the Debtor in Possession will seek entry of an Order scheduling a hearing on shortened and limited notice of the Motion. Notice of the proposed Sale will be provided in accordance with Bankruptcy Rule 2002(a)(2).

37.     No previous request for the relief sought herein has been made by the Trustee to this or any other Court.

**WHEREFORE** the Trustee respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: December 17, 2024
        Brooklyn, New York

Respectfully Submitted,
*/s/ Alla Kachan, Esq.*
Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Ave, Suite 202
Brooklyn, NY, 11235

**EXHIBIT A**

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, New York 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re:                                                        Chapter 11

   Royal Development Inc,                           Case No.: <u>1-24-41689-nhl</u>

               Debtor.
--------------------------------------------------------X

**PROPOSED ORDER: (A) AUTHORIZING THE SALE OF THE DEBTOR'S REAL PROPERTY; (B) SCHEDULING A PUBLIC AUCTION SALE OF THE DEBTOR'S REAL PROPERTY; (C) APPROVING TERMS AND CONDITIONS OF SALE TO GOVERN THE PUBLIC AUCTION SALE OF THE DEBTOR'S REAL PROPERTY; (E) APPROVING THE FORM AND MANNER OF NOTICE OF THE PUBLIC AUCTION SALE OF THE DEBTOR'S REAL PROPERTY; AND (F) SCHEDULING A HEARING TO CONFIRM THE RESULTS OF THE PUBLIC AUCTION SALE; AND (II) AN ORDER (A) APPROVING THE SALE OF THE DEBTOR'S REAL PROPERTY; AND (B) GRANTING RELATED RELIEF**

Upon the motion of Royal Development Inc, seeking entry of an Order (a) authorizing the sale of the Debtor's real property and improvements located at 98-29 Ditmas Avenue, Brooklyn, NY 11236 (the "Property"); (b) scheduling a public auction sale of the Property for Thursday, February 27, 2025 at 2:00 p.m. EST ("Sale"); (c) the proposed Terms and Conditions of Sale to govern the Sale; (d) approving the form and manner of notice of the Sale; and (e) scheduling a hearing to confirm the results of the Sale; and (II) an Order, in a form to be submitted following the Sale ("Approval Order"): (a) approving the sale of the Property; and (b) granting such other, further and different relief as this Court deems just and proper; and upon the record of the Hearing; and no objections having been filed to the Authorization Motion; and after due deliberation and good cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT**

1. This Court has jurisdiction over the Authorization Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Authorization Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Good and sufficient notice of the relief sought in the Motion has been given and no further notice is required. A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to interested persons and entities, including: (i) the Debtor; (ii) 723 Bristol St Funding, though counsel; (iii) the US Trustee; (iv) all parties in interest who have requested notice pursuant to Bankruptcy Rule 2002; (v) all known creditors of the Debtor; and (vi) known parties who have asserted a lien or interest in the Property (collectively, "Notice Parties").

3. The Trustee has articulated good and sufficient reasons for this Court to grant the relief requested in the Motion, including this Court's approval of the Terms and Conditions of Sale and the form and manner of service of the Notice of Sale.

**NOW THEREFORE, IT IS HEREBY**

**ORDERED,** that the Debtor is authorized to sell the estate's interest in the Property free and clear of all liens, claims, encumbrances and other interests with such liens, claims, encumbrances and other interests to attach to the proceeds of sale with the same validity and with the same priority that existed prior to the sale, pursuant to sections 363 Bankruptcy Code at public auction; and it is further

**ORDERED,** that the Debtor is hereby authorized and empowered to take those steps necessary to sell the Property as described herein, to the highest and/or best bidder free and clear of all liens, claims, encumbrances and other interests with such liens, claims, encumbrances and other interests to attach to the proceeds of sale with the same validity and in the same priority that existed prior to the sale; and it is further

**ORDERED** that the Debtor is hereby authorized to enter into the contract of sale with the Stalking Horse Bidder; and it is further

**ORDERED** that the Debtor shall cause the auction to be advertised on: (i) the website of MYC & Associates, Inc. ("MYC"); and (ii) a publication as chosen by the Debtor in consultation with MYC); and it is further

**ORDERED** that on the Closing Date, the Debtor shall pay, or direct payment of, all closing costs, statutory closing costs, remaining taxes, remaining liens, and any other costs and fees necessary to close title to the Property; and it is further

**ORDERED** that the Debtor is hereby authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order; and it is further

**ORDERED** that the Court shall retain jurisdiction to resolve any disputes arising or related to this Order and to interpret, implement and enforce the provisions of this Order.

## EXHIBIT B

**Terms and Conditions of Sale are as follows:**

    a. The Sale will be conducted on Thursday, February 27, 2025, at 2:00 p.m. EST (Eastern) by Zoom (or another virtual platform) (instructions to be provided separately in advance of the Sale)

    b. The Lender may credit bid for the Property at the Sale pursuant to section 363(k) of the Bankruptcy Code. The Lender: (a) shall in all events be deemed a qualified bidder at the Sale and be permitted to bid at the Sale; (b) shall not be required to pay a Qualifying Deposit (as defined in ¶7 of the Terms and Conditions of Sale) or any other Deposit (as defined in ¶10 of the Terms and Conditions of Sale) of any kind whatsoever, and (c) shall not be required to pay a Buyer's Premium (as defined in ¶10 of the Terms and Conditions of Sale).

    c. To register for the Sale and bid on the Property, on or before 5:00 p.m. on Tuesday, February 25, 2025, each prospective bidder (other than the Lender) must deliver to the auctioneer: (a) a certified or bank check drawn on an account of such bidder and payable to "Royal Development, Inc., as DIP in the amount of five hundred thousand dollars ($500,000) ("Qualifying Deposit"), which amount shall serve as a good faith deposit against payment of the purchase price for the Property; and (b) the Terms and Conditions of Sale, executed by such prospective bidder. The seller reserves the right to reject any bidder (other than the Lender) who, in the sole discretion of the seller, the seller believes is not financially capable of consummating the purchase of the Property.

    d. At the conclusion of the Sale, the first highest bidder ("Highest Bidder") and the second highest bidder ("Second Highest Bidder") for the Property must also execute, and thereby agree to be bound by, a Memorandum of Sale.

    e. The Highest Bidder or, as applicable, the Second Highest Bidder (other than the Lender) shall be solely responsible to pay the Debtor's retained broker, MYC & Associates, Inc., four (4%) percent of the amount bid by

the Highest Bidder or, as applicable, the Second Highest Bidder at the Sale (such percentage amount being the "Buyer's Premium"). The sum of the amount bid at the Sale and the Buyer's Premium is defined therein as the "Purchase Price".

f.   **By 5:00 p.m. on March 3, 2025**, the Highest Bidder (other than the Lender) shall deliver to the Debtor's attorney to be held in escrow, by certified check, bank check, or wire transfer an amount equal to 10% of the Purchase Price minus the amount of the Qualifying Deposit, as and for a good faith deposit (such amount, plus the Qualifying Deposit, hereinafter "Deposit").

g.   The Highest Bidder (other than the Lender) must pay the balance of the Purchase Price to the seller, by wire transfer at the closing of title to the Property ("Closing").

h.   The Highest Bidder must close title to the Property on or before **3:00 p.m. on April 10, 2025** ("Closing Date"), **TIME BEING OF THE ESSENCE as to the Highest Bidder**, although such date may be extended solely by the Trustee. The Closing shall take place on or before the Closing Date at the offices of the attorneys for the Seller, Law Offices of Alla Kachan, P.C., 2799 Coney Island Ave, #202, Brooklyn, NY 11235 or by mail, as elected by the seller.

i.   Real estate taxes, water and sewer charges, and rent/use and occupancy (only to the extent actually received by or on behalf of the Debtor's estate) will be apportioned as of 12:00 a.m. on the Closing Date. There will be no other apportionments pertaining to the Property.

j.   The Highest Bidder shall pay, on the Closing Date, any and all city, county, state or other transfer taxes incurred by or in connection with the transfer of the Property.

k.   The Property is being sold:

   i.   **"AS IS" "WHERE IS", "WITH ALL FAULTS,"** without any representations, covenants, guarantees or warranties of any kind or nature whatsoever;

   ii.   free and clear of any and all monetary interests of whatever kind or nature including, but not limited to, liens, claims, encumbrances,

monetary fines or penalties for violations, judgments and/or mortgages (collectively, "Interests"), with such Interests, if any, to attach to the proceeds of sale in such order and priority as they existed immediately prior to the entry of the Order for Relief against the Debtor; and

iii.  subject to, among other things:

1.  any occupancies and/or tenancies;

2.  any state of facts that an accurate survey may show;

3.  any state of facts a physical inspection may show;

4.  any covenants, restrictions and easements of record;

5.  any building or zoning ordinances or other applicable

6.  municipal regulations and violations thereof;

7.  environmental conditions; and

8.  the conditions giving rise to any and all non-monetary

9.  violations existing on the Property as of the Closing Date.

**Exhibit D**

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, New York 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re:                                                      Chapter 11

    Royal Development Inc,                    Case No.: <u>1-24-41689-nhl</u>

          Debtor.
--------------------------------------------------------X

### NOTICE TO CREDITORS AND OTHER PARTIES IN INTEREST
### OF CHAPTER 11 SALE

**PLEASE TAKE NOTICE** that, by Order dated _____, 2024 ("Order"), the United States Bankruptcy Court for the Eastern District of New York entered an Order authorizing, among other things, the public auction sale of the real property located at 98-29 Ditmas Avenue, Brooklyn, NY 11236 ("Property") by Royal Development Inc ("Debtor").

**PLEASE TAKE FURTHER NOTICE** that the Property consists of an approximately 38,410 square foot lot improved by a 45,740 square foot warehouse space that is currently partially occupied with tenants.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Order, the Trustee, through their retained real estate broker, MYC & Associates, Inc. ("Broker"), will conduct a public auction sale of the Property **by Zoom on Thursday, February 27, 2025, at 2:00 p.m. EST** ("Sale").

**PLEASE TAKE FURTHER NOTICE** that the Sale is being conducted pursuant to the Authorization Order and sections 363 of title 11 of the United States Code ("Bankruptcy Code"), free and clear of all Interests (as defined below).

**PLEASE TAKE FURTHER NOTICE** that, to register for the Sale and bid on the Property, on or before **5:00 p.m. on Tuesday, February 25, 2025**, each prospective bidder (other than the Lender) must deliver to the auctioneer: (a) a certified or bank check drawn on an account of such bidder and payable to "Royal Development, Inc., as DIP in the amount of five hundred

24

thousand dollars ($500,000.00) ("Qualifying Deposit"), which amount shall serve as a good faith deposit against payment of the purchase price for the Property; and (b) the Terms and Conditions of Sale, executed by such prospective bidder. The seller reserves the right to reject any bidder (other than the Lender) who, in the sole discretion of the seller, the seller believes is not financially capable of consummating the purchase of the Property.

**PLEASE TAKE FURTHER NOTICE** that the highest bidder ("Highest Bidder") and the second highest bidder ("Second Highest Bidder") must also execute, and thereby agree to be bound by, a Memorandum of Sale.

**PLEASE TAKE FURTHER NOTICE** the Highest Bidder or, as applicable, the Second Highest Bidder (other than the Lender) shall be solely responsible to pay the Debtor's retained broker, MYC & Associates, Inc., four (4%) percent of the amount bid by the Highest Bidder or, as applicable, the Second Highest Bidder at the Sale (such percentage amount being the "Buyer's Premium"). The sum of the amount bid at the Sale and the Buyer's Premium is defined therein as the "Purchase Price".

**PLEASE TAKE FURTHER NOTICE, 5:00 p.m. on March 3, 2025**, the Highest Bidder (other than the Lender) shall deliver to the Debtor's attorney to be held in escrow, by certified check, bank check, or wire transfer an amount equal to 10% of the Purchase Price minus the amount of the Qualifying Deposit, as and for a good faith deposit (such amount, plus the Qualifying Deposit, hereinafter "Deposit").

**PLEASE TAKE FURTHER NOTICE** the Highest Bidder (other than the Lender) must pay the balance of the Purchase Price to the seller, by wire transfer at the closing of title to the Property ("Closing").

**PLEASE TAKE FURTHER NOTICE** The Highest Bidder must close title to the Property on or before **3:00 p.m. on April 10, 2025** ("Closing Date"), **TIME BEING OF THE ESSENCE as to the Highest Bidder**, although such date may be extended solely by the Trustee. The Closing shall take place on or before the Closing Date at the offices of the attorneys for the Seller, Law Offices of Alla Kachan, P.C., 2799 Coney Island Ave, #202, Brooklyn, NY 11235 or by mail, as elected by the seller.

**PLEASE TAKE FURTHER NOTICE** that the Property is being sold:

i. **"AS IS" "WHERE IS", "WITH ALL FAULTS,"** without any representations, covenants, guarantees or warranties of any kind or nature whatsoever;

ii. free and clear of any and all monetary interests of whatever kind or nature including, but not limited to, liens, claims, encumbrances, monetary fines or penalties for violations, judgments and/or mortgages (collectively, "Interests"), with such Interests, if any, to attach to the proceeds of sale in such order and priority as they existed immediately prior to the entry of the Order for Relief against the Debtor; and

iii. subject to, among other things:

1. any occupancies and/or tenancies;

2. any state of facts that an accurate survey may show;

3. any state of facts a physical inspection may show;

4. any covenants, restrictions and easements of record;

5. any building or zoning ordinances or other applicable

6. municipal regulations and violations thereof;

7. environmental conditions; and

8. the conditions giving rise to any and all non-monetary

9. violations existing on the Property as of the Closing Date.

**PLEASE TAKE FURTHER NOTICE** that any requests for additional information about the Property, including requests for the terms and conditions of sale, may be obtained by contacting the Debtor's Broker listed below.

Dated: _____, 2024

**MYC & Associates, Inc.**
**Marc P. Yaverbaum**
**1110 South Avenue, Ste. 22**
**Staten Island, New York 10314**
**Telephone: (347) 273-1258**
**Email: my@myccorp.com & vm@myccorp.com**
