UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT COURT OF NEW YORK
-----------------------------------------------------------------x
In Re:

Royal Development Inc,

       Debtor,

Chapter 11

Case No. 24-41689-nhl

-----------------------------------------------------------------x

## DECLARATION OF ABDULKAFI M. AHMED IN SUPPORT OF CONFIRMING SALE AND PROTECTIONS UNDER BANKRUPTCY CODE SECTION 363(M)

Pursuant to 28 U.S.C. § 1746, Abdulkafi M. Ahmed, declare as follows under penalty of perjury under the laws of the United States of America to be true and correct:

1. I, Abulkafi M. Ahmed, am the successful bidder with the right to assign to a Limited Liability Company (the "Successful Bidder") concerning the real property and improvements known as and located at, alternatively, 723 Bristol Street, 9829 Ditmas Avenue, 9833 Ditmas Avenue and 738 Chester Street, Brooklyn, New York 11236, along with the driveways and loading docks that unite them, collectively designated by the City of New York as Kings County Block 3642, Lot 1 (the "Property").

2. The Successful Bidder submitted the highest and best bid for the Property in the amount of $7,800,000.00 (the "Successful Bid").

3. The Successful Bidder has complied with the bidding procedures as approved by this Court pursuant to that certain Order entered on **March 21, 2025 [ECF No. 61]** (the "Bid Procedures Order").

4. The Successful Bidder has submitted a qualifying deposit in the amount of $780,000.00 ("Qualifying Deposit") and within forty-eight (48) hours after the conclusion of the Sale (May 1, 2025) to represent ten percent (10%) of the Successful Bid as down payment with respect to the purchase of the Property in accordance with the terms of the Bid Procedures Order.

5. At the time of the offering bid, the Successful Bidder, conditioned the Successful Bid on the closing of title to take place within ninety ("90") days on or before August 1, 2025 ("Extended Closing Date") in lieu of closing date June 13, 2025 ("Closing Date") stated in the Bid Procedures Order.

6. Gary Ravert, Esq., and Kevin J. Nash, Esq. ("Lender Attorneys"), attorneys for 723 Bristol Street Funding LLC (the "Lender") consented to the Extended Closing Date on behalf of Lender, and the Successful Bidder was advised that Successful Bidder would not be required to close until the Extended Closing Date. Successful Bidder offered his bid predicated on the Extended Closing Date.

7. On May 1, 2025, attorney for the Successful Bidder, Konstantinos Volakos, Esq. ("Successful Bidder's Counsel") called the office of Alla Kachan, Esq., ("Debtor's Counsel"), counsel to Debtor, Royal Development Inc ("Debtor") to discuss the matter and the Extended Closing Date. In addition, Successful Bidder's Counsel emailed Debtor's Counsel regarding same on May 1, 2025.

8. On May 2, 2025, Debtor's Counsel advised Successful Bidder's Counsel, via email, that the Highest Bidder needs to close by June 13, 2025, time being of the essence. Debtor's Counsel further advised Successful Bidder's Counsel that Debtor's Counsel would call Successful Bidder's Counsel on May 5, 2025.

9. In the morning of May 5, 2025, Successful Bidder's Counsel called and emailed

Debtor's Counsel, however, Successful Bidder's Counsel was unable to discuss the matter and Extended Closing Date with Debtor's Counsel since Debtor's Counsel was unavailable. As of 12:00 PM of May 5, 2025, Successful Bidder's Counsel has been unable to discuss the subject transaction nor the Extended Closing Date with Debtor's Counsel.

10. Should the Extended Closing Date not be agreed to by Debtor's Counsel or the Court fail to order a closing to take place on the Extended Closing Date, the Successful Bidder requests the return of Successful Bidder's Qualifying Deposit in the amount of $780,000.

11. Successful Bidder recognizes that Debtor's Counsel was free to deal with any other party interested in a transaction regarding the sale of the Property (the "Sale").

12. The Successful Bidder submits that he has not induced nor caused the Debtor's instant bankruptcy filing.

13. The Successful Bidder submits that he has not violated section 363(n) of the Bankruptcy Code by any action or inaction.

14. The sale of the Property to the Successful Bidder is an arm's length transaction and is being entered into in good faith.

15. The Successful Bidder submits that at all times during the Sale process, the Successful Bidder has acted in good faith and will continue to act in good faith with the meaning of section 363(m) of the Bankruptcy Code in closing the Sale of the property.

16. The Successful Bidder submits that the purchase price for the Property is fair and reasonable, is the highest or best offer for the Property, and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and applicable non-bankruptcy law.

17. The Successful Bidder submits to the best of his knowledge, information and belief, no other entity or group of entities has offered to purchase the Property and constitutes a valid and

sound exercise of the Debtor's Counsel's business judgment.

18. The Successful Bidder submits that a valid business purpose exists for the approval of the sale to the Successful Bidder pursuant to Bankruptcy Code sections 363(a), (b), (f) and (m).

19. The Successful Bidder submits that he has the economic wherewithal to close on this transaction.

20. The Successful Bidder submits that based on the foregoing, the Successful Bidder should be declared a good faith purchaser and afforded the protections under Bankruptcy Code section 363(m).

Dated: May 5, 2025

Abdulkafi M. Ahmed