UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re:                                                                    Chapter 11

    Royal Development Inc,                                   Case No.: 1-24-41689-nhl

                    Debtor.
--------------------------------------------------------X

## ORDER CONFIRMING  RESULTS OF AUCTION OF THE DEBTOR'S REAL PROPERTY

Upon the motion (the "Motion") of Royal Development Inc (the "Debtor"), seeking entry of an Order (a) authorizing the sale of the Debtor's real property and improvements known as and located at, alternatively, 723 Bristol Street, 9829 Ditmas Avenue, 9833 Ditmas Avenue, and 738 Chester Street, Brooklyn, NY 11236, along with the driveways and loading docks that unite them, collectively designated by the City of New York as Block 3642, Lot 1 (the "Property"); (b) scheduling a public auction sale of the Property; (c) approving the proposed Terms and Conditions of Sale to govern the Auction; (d) approving the form and manner of notice of the public auction; and (e) scheduling a hearing to confirm the results of the public auction; and the Court having issued an order authorizing the Sale of the Debtor's Real Property, scheduling a public auction sale of the Property, approving Terms and Conditions of Sale to govern the public auction of the Property, approving the form and manner of the public auction, and scheduling a hearing to confirm the results of the public auction (ECF No. 61); and the public auction of the Property having been conducted on May 1, 2025 at 11:00 a.m. (the "Auction"); and upon the Declaration of Abdulkafi M. Ahmed (ECF No. 75); and upon the Report of Sale by MYC & Associates, Inc., the Debtor's broker, filed with the Court on May 6, 2025 (ECF No. 77); and a hearing to confirm the results of the Auction having been held on May 6, 2025, at which Alla Kachan, Esq. (Counsel to Debtor), Jeremy S. Sussman, Esq. (Office of the United States Trustee), Gary O. Ravert, Esq.

1

(Counsel to 723 Bristol Street Funding), Jonathan Bodner, Esq. (Counsel to Pavel Roytkov), Eric H. Horn, Esq. (Counsel to LG 723, LLC), Deanna Olivero, Esq. (Counsel to LG 723 LLC), Victor Moneypenny (Broker), Kevin J. Nash, Esq. (Counsel to 723 Bristol Street Funding LLC), and Konstantinos Volakos, Esq. (Counsel to successful bidder) appeared; and after due deliberation and good cause appearing therefor; it is hereby

**ORDERED** that, pursuant to 11 U.S.C. § 363(b), (f) and (m) and Bankruptcy Rules 2002(a)(2) and 6004, the Debtor is authorized to sell the Property AS IS, WHERE IS, and WITH ALL FAULTS to Abdulkafi M. Ahmed, or his assignee, for $7,500,000.00 plus a four percent (4%) buyer's premium in the amount of $300,000.00, for a total purchase price $7,800,000.00 (the "Purchase Price"), and free and clear of all liens, claims, encumbrances and other interests, including the senior lien and mortgage of 723 Bristol Street Funding LLC in the total sum of $7,446,721.20 as of April 28, 2025 to be paid in full at closing, with such liens, claims, encumbrances and other interests to attach to the proceeds of sale with the same validity and in the same priority that existed prior to the sale; and it is further

**ORDERED** that upon the receipt of payoff funds by 723 Bristol Street Funding LLC, 723 Bristol Street Funding LLC shall: (a) terminate the lis pendens filed December 8, 2023, under Kings County Supreme Court Index No.: 535935/2023; (b) discontinue Kings County Supreme Court Index No.: 535935/2023; (c) provide proper satisfaction of the aforesaid mortgage; (d) terminate the assignments of leases and rents and terminate any UCC financing statement relating to the aforesaid mortgage; and (e) deliver the original collateral documents relating to the aforesaid mortgage; and it is further

**ORDERED** that on the Closing Date, the Debtor shall pay, or direct payment of, all closing costs, statutory closing costs, the full claim amount, as provided above, of the first lien claim of

723 Bristol Street Funding LLC, and any other taxes and costs necessary to close title to the Property, with all other proceeds from the sale to be held in escrow by Debtor's counsel, The Law Offices of Alla Kachan P.C., pending further order of the Court; and it is further

**ORDERED**, that Abdulkafi M. Ahmed or an LLC to be formed wherein Abdulkafi M. Ahmed assigns his interest therein is a good faith purchaser and is entitled to the benefit and protection of 363(m) of the Bankruptcy Code; and it is further

**ORDERED**, that the Debtor shall deliver the Property vacant and free and clear of all occupants, tenants, and leases, including but not limited to, Debtor's principals, by the Closing Date; and it is further

**ORDERED** that the Closing Date shall be on or before August 1, 2025; and it is further

**ORDERED** that the equipment shall be removed from the Property, but the fixtures shall remain on the Property and not be removed; and it is further

**ORDERED**, that at the Closing, the Debtor shall deliver to Abdulkafi M. Ahmed, or his assignee: (a)  an original Bargain & Sale Deed with Covenant Against Grantors Acts in proper statutory short form for record, duly executed and acknowledged, so as to convey to Abdulkafi M. Ahmed, or his assignee, fee simple title to the Property (b) signed transfer tax forms and any affidavits reasonably requested by the title company chosen by Abdulkafi M. Ahmed, or his assignee; (c) any documents reasonably requested by title company chosen by Abdulkafi M. Ahmed; and (d) the keys to the Property; and it is further

**ORDERED** that (i) all disbursements made at the closing of the sale shall be reported by the Debtor in the Debtor's monthly operating reports; and (ii) within 14 calendar days of the closing of the sale, a copy of the applicable closing statement from the sale of the Properties shall be filed

on the electronic case docket in the Debtor's chapter 11 case and provided (by electronic mail message) to the United States Trustee; and it is further

**ORDERED** that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED** that this Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.



Dated: July 15, 2025
　　　　Brooklyn, New York

**Nancy Hershey Lord**
**United States Bankruptcy Judge**

4